CHESTER A. COGBURN, ADMINISTRATOR OF THE ESTATE OF CAROLINE W. PLEMMONS, DECEASED v. NORTH CAROLINA STATE HIGHWAY COMMISSION AND TRAVELERS INSURANCE COMPANY

No. 7230IC297

(Filed 24 May 1972)

State § 8— decedent struck by dump truck — negligence — contributory negligence

In an action to recover for the wrongful death of plaintiff's intestate when she was struck by a dump truck which was backing into a dumping area on land owned by decedent and her husband, the evidence was sufficient to support a finding that the driver of the dump truck was negligent in failing to see what he ought to have seen, and did not reveal contributory negligence as a matter of law on the part of decedent, where it tended to show that while decedent was returning from the dumping area to a nearby sawmill where she worked, a dump truck backed into position to unload at a point between her and the sawmill, that she stopped about fifteen feet from the truck, that she was standing in open view with her back partially toward the direction from which a second truck came, that she was struck by the second truck as it backed toward the dumping area, and that there was noise from the sawmill, from a bulldozer operated by decedent's husband and from the first truck which was racing its motor to raise its bed to dump its load.

APPEAL by defendant from an award by the Industrial Commission in its decision and order filed herein on 1 December 1971.

This action was brought by plaintiff under the North Carolina Tort Claims Act, as provided in Article 31, Chapter 143 of the General Statutes.

Plaintiff sought, as administrator, to recover for the alleged wrongful death of his intestate, Caroline Winfield Plemmons. Mrs. Plemmons was the wife of John C. Plemmons.

Plaintiff alleged that the death of Mrs. Plemmons was proximately caused by the negligence of James Weaver Parkins (Parkins). It was stipulated that on 21 April 1970, Mrs. Plemmons was "overrun" and killed by a dump truck owned by the North Carolina State Highway Commission (Highway Commission) and operated at the time by Parkins, an employee of the Highway Commission, within the scope of his employment.

The evidence for the plaintiff tended to show that the Highway Commission requested and received permission to dump some excess "spill" dirt and rocks in a hole on the property of Mr. and Mrs. Plemmons adjacent to a sawmill located on Dutch Cove Road in Haywood County.

Mrs. Plemmons was employed at a salary of $8,000 per year in a "management capacity" at the sawmill, which had been owned and operated by her father who had died about five months before. On 21 April 1970, the Highway Commission had been dumping excess dirt and rock into the hole on the Plemmons property for several days, using two trucks for the operation. In order to reach the area for unloading, the driveway to the sawmill was used. The trucks then went to the dumping area, made a U-turn and backed up to the point where they dumped their loads. There was no particular place in the dumping area for the trucks to unload; the drivers selected the places, unless they were carrying very large rocks, in which event Mr. Plemmons signalled them where to unload. No signal was given on the occasion when Mrs. Plemmons was struck.

On 21 April 1970 shortly before 3:00 p.m., Mrs. Plemmons, who had been out in the dumping area several times that day, had just brought Mr. Plemmons some oil for the bulldozer he was using to keep the fill smooth. There were no trucks in the area at that time. When Mrs. Plemmons started back to the sawmill, one of the two highway dump trucks backed into position to unload at a point between her and the sawmill. She stopped about fifteen feet from the truck, waiting for it to dump its load and move out, and she was standing in open view with her back partially towards the direction from which the other truck, operated by Parkins, came. While Mrs. Plemmons was thus standing, there was noise from the sawmill (which was in operation), noise from Mr. Plemmons' bull-

dozer, and noise from the truck fifteen feet in front of her which was racing its motor to raise its bed to dump its load. Parkins, who had stopped the truck he was operating after reaching the dumping area, then moved it backwards and struck Mrs. Plemmons with the right back corner thereof. Mrs. Plemmons was knocked to the ground and rolled ten or fifteen feet away from the truck. The truck operated by Parkins kept backing up while the other truck continued to unload. Mr. Plemmons saw the truck strike his wife and tried to get Parkins to stop but failed to do so before the truck wheel had crushed Mrs. Plemmons' head.

The evidence for the defendant tended to show that James McComb Messer (Messer) was the driver of the first truck that dumped its load on this occasion and that when the other truck "passed in front" of him, the bed of his (Messer's) truck was up. Messer testified that he then let it down and moved out and that the other driver "pulled up there and stopped and I dumped." He did not see the accident and did not see Mrs. Plemmons there. It was a clear day. Parkins testified that he came to the dumping area and stopped just long enough to change into reverse gear, before backing to the place where he planned to unload. He testified that "(p)rior to backing up, I looked into my mirror; I did not see anything. I could see the dozer; only thing I could see." The mirrors on his truck were small ones. He then commenced backing at a speed of one or two miles per hour and did not see Mrs. Plemmons behind him. The first notice he had that anything was wrong was when Mr. Plemmons came up to the side of his truck.

After the hearing the Hearing Commissioner found as a fact that Parkins was negligent in the operation of the truck, that Mrs. Plemmons was not contributorily negligent and that plaintiff was entitled to recover $15,000, the maximum recovery at that time under the State Tort Claims Act, and an order was entered directing the payment of said amount.

The defendant appealed from the Hearing Commissioner to the North Carolina Industrial Commission (full Commission) which adopted as its own the findings of fact, conclusions of law and order of the Hearing Commissioner. The defendant appealed to the Court of Appeals.

Cogburn v. Highway Comm.

*Millar, Alley & Killian by William I. Millar for plaintiff appellee.*

*Attorney General Morgan and Associate Attorney Witcover for defendant appellant.*

MALLARD, Chief Judge.

The defendant contends that it was error under these factual circumstances to find that Parkins was negligent and that Mrs. Plemmons was not contributorily negligent. We do not agree. There was ample evidence upon which to base the factual finding that on the date in question Parkins was negligent in failing to see what he ought to have seen when backing the truck. *Bennett v. Young,* 266 N.C. 164, 145 S.E. 2d 853 (1966); *Murray v. Wyatt,* 245 N.C. 123, 95 S.E. 2d 541 (1956).

On the other hand, the evidence was not of such nature that it required, as a matter of law, the finding that Mrs. Plemmons was contributorily negligent. The question of whether she was or was not contributorily negligent in this factual situation was initially for the Hearing Commissioner and, upon appeal, by the full Commission. G.S. 143-291.

The order entered directing that the plaintiff be paid $15,000 is affirmed.

Affirmed.

Judges MORRIS and PARKER concur.